HELEN V. LE ROY, Respondent, *v.* EDWARD C. LE ROY, Appellant.

Third Department, November 15, 1916.

**Husband and wife — divorce — counsel fees.**

Appeal from an order allowing counsel fees to the plaintiff in an action for absolute divorce. The moving affidavits examined, and *held*, that the court was warranted in granting the allowance in that the plaintiff showed reasonable probability of proving the defendant's adultery.

An allowance of $400 as counsel fee is excessive, where the defendant is a taxicab chauffeur working for a salary of $12 a week, while the plaintiff, a telephone operator, earns approximately $25 a week, and the amount should be reduced to $200.

APPEAL by the defendant, Edward C. Le Roy, from so much of an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Schenectady on the 12th day of June, 1916, as resettled by an order entered in said clerk's office on the 3d day of July, 1916, as allows the plaintiff a counsel fee of $400.

*George L. Ehrhardt*, for the appellant.

*Naylon & Robinson* [*Daniel Naylon, Jr.*, of counsel], for the respondent.

HOWARD, J.:

This is an action for an absolute divorce brought by a wife against her husband. The appeal is by the husband from an allowance to the wife of $400 as counsel fee. The plaintiff also made application for alimony but this was denied. Our inspection of the affidavits leads us to the conclusion that the Special Term was warranted in granting a counsel fee, the charges of

adultery being of such a character that there seems to be reasonable grounds for believing that the plaintiff will be able to offer evidence sufficient to support them.

The amount of the counsel fee, however, seems to us excessive. Defendant is a taxicab chauffeur employed in New York city. The plaintiff swears that the defendant earns $35 a week, although the defendant denies this, and alleges that he earns only $12 a week. The plaintiff alleges that her husband has personal property amounting approximately to $14,000, and real estate worth approximately $6,000. The defendant denies this absolutely and alleges that he has no property whatever except certain clothing and insignificant personal effects. The plaintiff is employed as a telephone operator. She does not state her salary, although her husband alleges that she earns in excess of $25 per week.

The Special Term is clothed with a broad discretion in these applications for counsel fee which, ordinarily, will not be disturbed; nevertheless, taking into consideration all that we find in the record, we are of the opinion that, in balancing up the conflicting affidavits against one another, and in considering the probabilities of truth arising out of each, the court gave undue weight to the allegations in the moving papers of the plaintiff. It appears to us that to require this chauffeur to pay a counsel fee of $400 would be unreasonable, burdensome and oppressive. Under all the circumstances we think the order should be modified by reducing the counsel fee to $200, and as so modified affirmed.

Order modified by reducing the counsel fee to $200, and as so modified unanimously affirmed, with ten dollars costs and disbursements.